IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SIEGFRIED WILLIAMS** | § | |
| **(Travis Co. No. 1644464)** | § | |
| | § | |
| **V.** | § | **A-17-CA-014-SS** |
| | § | |
| **TRAVIS COUNTY** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex on a probation violation and on a new charge for failing to register as a sex offender. Plaintiff sues Travis County for harassment, defamation, and wrongful imprisonment.

Plaintiff explains, when he was 17 and in the Navy, he dated a 14-year-old girl. He was convicted in Washington and was released from jail in 2005. When he moved to Texas, the crime

1

was converted to indecency with a child by contact. Plaintiff contends his sex-offender registration term should have only been for 10 years. However, Plaintiff also asserts he was told by officials at the Department of Public Safety and Bexar County that his conviction was not reportable.

While living in Austin, Plaintiff went to a bar and bought a woman a drink. When Plaintiff discovered the woman was underage, he allegedly told her to leave him alone. Plaintiff asserts all he and the woman did was text, but she started making false statements. Plaintiff claims he cooperated with the Austin Police Department ("APD"). The APD officer allegedly told Plaintiff to go register as a sex offender, or she was going to arrest him. While at the police department, Plaintiff showed a Facebook message to the officer, who was completing Plaintiff's paperwork. The officer allegedly told Plaintiff to forward the message to a detective. Plaintiff complied and contends the forwarded message led to police officers kicking in the door of the apartment where he was temporarily staying. Plaintiff was arrested and does not have the money to bond out of jail. Plaintiff complains his court appointed counsel is ineffective.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status

does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

      B.      Heck-Barred

Plaintiff's federal constitutional challenge regarding sex-offender registration and wrongful imprisonment is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Plaintiff cannot challenge the registration requirement in this case until his charges have been dismissed, reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Accordingly, Plaintiff's claims with regard to sex-offender registration and wrongful imprisonment should be dismissed without prejudice to refile once the conditions of Heck are met. Plaintiff should be allowed to refile only upon a showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

C.  County Liability

Plaintiff only sues Travis County. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." Pembaur v. Cincinnati, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights. Accordingly, Plaintiff's claims against Travis County should alternatively be dismissed.

D.  Supplemental Jurisdiction

Plaintiff also asserts state law claims. Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action over which it has original jurisdiction that they form part of the same case or controversy. However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. Because the dismissal of Plaintiff's federal claims is

4

recommended, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## RECOMMENDATION

It is therefore recommended that Plaintiff's federal constitutional claims be dismissed without prejudice to refile once the conditions of Heck are met. Alternatively, it is recommended that Plaintiff's federal constitutional claims against Travis County be dismissed for failure to state a claim upon which relief can be granted. It is also recommended that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on March 8, 2017.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE